UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

NAKIA CHANEY,

                        Plaintiff,

                                                          1:25-CV-1299
v.                                                        (GTS/DJS)

RANDOLFO DELAROSA; CITY OF SCHENECTADY;
COUNTY OF SCHENECTADY; DERRICK SCHMIDT,
Schenectady Sheriff; JENNIFER MARTIN, Section 8
Case Worker; SECTION 8 INSPECTOR;
SCHENECTADY MUNICIPAL HOUSING DIRECTOR;
NY STATE COURT SYSTEM; STATE OF NEW YORK;
REQUAN DONOVAN, Schenectady Uhaul; DONNA
GONZALEZ, Scap; JOHN DOES; and DOMINIC
DAGOSTINO, Sheriff,

                        Defendants.

_____

APPEARANCES:
NAKIA CHANEY
  Plaintiff, *Pro Se*
c/o Lisa Teamer
15-17 Third Street
Troy, New York 12180

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court, in this *pro se* civil rights action filed by Holly Jarvis ("Plaintiff") against Randolfo Delarosa, the City of Schenectady, the County of Schenectady, et al. ("Defendants"), asserting claims under 42 U.S.C. § 1983, is (1) United States Magistrate Judge Daniel J. Stewart's Report-Recommendation recommending that Plaintiff's claims under 42 U.S.C. § 1983 be dismissed with prejudice as untimely, and that Plaintiff's remaining claims

1

be dismissed without prejudice to refiling in state court within the governing limitations period, and (2) Plaintiff's Objections to the Report-Recommendations.  (Dkt. Nos. 8, 9.)

Even when construed with the utmost of special leniency, Plaintiff's one-page Objections contain no specific challenge[1] to any portion of the Report-Recommendation.   (*Compare* Dkt. No. 9 *with* Dkt. No. 8.)  In any event, even if Plaintiff's Objections could be liberally construed as containing specific challenges to various portions of the Report-Recommendation, the Court finds no error[2] in such portions, and no clear error[3] in the remaining portions of the Report-

---

[1]      To be "specific," an objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection."  N.D.N.Y. L.R. 72.1(c); *see also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2]      When a specific objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review.  Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).

[3]      When no specific objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a clear error review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.; see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

Recommendation: Magistrate Judge Stewart employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.  (*See generally* Dkt. No. 8.)  As a result, the Report-Recommendation is accepted and adopted for the reasons set forth therein.  (*Id*.)

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Stewart's Report-Recommendation (Dkt. No. 8) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's claims under 42 U.S.C. § 1983 claims are **DISMISSED** **with prejudice**; and it is further

**ORDERED** that Plaintiff's remaining claims ae **DISMISSED** **without prejudice** to refiling in state court within the governing limitations period.

Dated: March 24, 2026
      Syracuse, New York

_____
HON. GLENN T. SUDDABY
United States District Judge

3